PHILIPP WIRTH ET AL. v. UNITED STATES (No. 3920)[1]
UNITED STATES v. PHILIPP WIRTH ET AL. (No. 3922)[1]

---

[1] T. D. 48144.

United States Court of Customs and Patent Appeals, January 27, 1936

*Lamb & Lerch* (*Thomas J. McKenna* of counsel) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*John F. Kavanagh*, special attorney, of counsel), for the United States.

[Oral argument December 4, 1935, by Mr. McKenna, Mr. Kavanagh, and Mr. Lerch]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The present case involves an appeal and cross-appeal in a reappraisement proceeding coming to us from the United States Customs Court, First Division, and involves 144 entries of goods, chiefly at the port of New York, but with two entries at the port of Boston, Mass., and four at the port of San Francisco, Calif. These reappraisements have been consolidated for the purposes of trial, by agreement of the parties.

The imported goods are filters and filter parts. The case was before us in 1932, and the opinion of this court appears in *United States* v. *Philipp Wirth et al.*, 20 C. C. P. A. (Customs) 94, T. D. 45705. When the goods were imported, the local appraiser appraised the same for duty upon the basis of their foreign value. Appeal was taken to reappraisement by the importers, and the matter was first tried in the Customs Court in 1930, before Chief Justice Fischer, who found the same to be dutiable on the basis of foreign value. On appeal, the First Appellate Division of the Customs Court affirmed the finding of the trial court, and the United States appealed to this court, claiming that the value so found did not represent the foreign value. On appeal, this court held that there was no foreign value shown to exist, and that the prices at which the merchandise was sold abroad were not uniform; that there was no evidence as to the usual quantities so sold, and that the market was a controlled one. It was conceded by counsel for the parties that the merchandise had no export value. We, therefore, held that the goods were dutiable at the United States value thereof, if there was any such value; if not, then at the cost of production under section 402 of the Tariff Act of 1922. Because of the fact that the parties and the trial court

had proceeded upon the erroneous theory that there was a foreign value, this court was of opinion that the cause should be remanded to the trial court for a new trial in order—

that the parties may have an opportunity to present evidence of such value (United States) or cost of production as the facts may warrant. (Parenthetical matter not quoted.)

Accordingly, upon receipt of the mandate of this court, the First Division remanded the case to the single judge for a new trial. Trial was had before Judge Dallinger, and much testimony was offered, including several affidavits and reports of customs and Treasury representatives, bearing upon the question of United States value and cost of production of the imported goods.

As a result of the testimony heard, Judge Dallinger made a finding that there was no United States value shown as to the imported goods, but that there was a proved cost of production, which was found as to each unit involved.

From this judgment, appeal was taken to the First Division. The appellate division reversed the finding and judgment of the single judge, and entered judgment remanding the matter to the single judge, with directions to dismiss the appeals to reappraisement. From that judgment, both the importers and the Government have appealed.

The appellate division, in its decision, finds that the single judge properly held that there was no United States value shown for the imported goods. This holding was based largely upon the finding by the court that the market in the United States was a controlled market, and that there was no fixed price for the goods, but that special prices were made by an exclusive agent for each article that was sold in the United States. As to the matter of cost of production, the appellate division differed with the single judge, and held that no cost of production was shown. This holding was made upon the appellate division's theory of the law applicable to the matter, found in section 402 (e) of said Tariff Act of 1922, which is as follows:

Sec. 402. (e) For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which

ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

It will be observed that this section requires, in order to establish cost of production, the proof of four principal items which are numbered (1) to (4), inclusive. The appellate division was of opinion, and so held, that in order to establish the elements of cost of production found in said subsection (1), the cost of materials, fabrication, and manipulation must be broken down and itemized so that it might be ascertained, separately, how much the materials cost, how much was expended for labor, and any other items which might enter into the production costs mentioned in said subsection (1).

The Government contended, in its argument to the court, that the "lumping" of the cost of materials, fabrication, labor, manipulation, or other processes, was not in compliance with the terms of section 402 (e), *supra*, and that in the absence of such detail there was no way of determining whether an adequate amount had been included for any one of the elements constituting the aggregate cost, and based this argument upon *The Gevaert Co. of America* v. *United States*, Reap. Dec. 2988, affirmed in *Gevaert Co. of America, Inc.* v. *United States*, Reap. Dec. 3128.

The appellate division agreed with the Government in this contention, and held that because of the absence of such breaking down or itemization of labor and materials, there was no cost of production shown within the meaning of the said statute, and, therefore, the judgment was that the matter be remanded to the single judge to dismiss the appeals. No finding was made as to the presence or absence of proof of the three remaining items in section 402 (e), namely, the usual general expenses, the cost of all containers and coverings, and an addition for profit. Manifestly the appellate division did not think it necessary to pass upon the presence or absence of such proof, inasmuch as it had found that the element of cost provided by subsection (1) had not been established, and, according to the division's finding, that, therefore, no cost of production had been established, and the necessity for further findings was obviated.

The matter was then appealed to this court, the importers alleging error by the appellate division in making such finding requiring a breaking down, or itemization of, said subsection (1). The Government, on its part, alleges error in an assignment consisting of 45 items, some of which items complain of rulings upon the admission of certain testimony and documents offered in evidence, especially with reference to the items of general expenses and profits, and as to the effect of the same. On the part of the importers, counsel argue

that the finding and conclusion of the appellate division on said subsection (1) is erroneous, and suggest that if this court so finds, then the importers desire a remand of the case to the appellate division, with instructions to make findings on items (1), (2), (3), and (4) of said section 402 (e), as the same appear of record.

The contention of the Government in this court is that while the appellate division has committed error, as recited in its assignment, of cross errors, its judgment should be sustained and affirmed upon the theory that the importers have not established cost of production as required by law. The resultant dismissal of the appeals to reappraisement, as ordered by the appellate division, leads, in the opinion of the Government counsel, to a proper conclusion, and would leave standing the decision of the local appraiser finding foreign values for the imported goods.

As we view the case, but one question is involved. Was the judgment of the appellate division correct, insofar as it found that, to establish item (1) of the subsection of said section 402 (e) the various items included therein must be separately shown, or, as stated, by counsel, "broken down" and given in detail? The only authority cited for such a holding is the case of *The Gevaert Co. of America* v. *United States, supra.*

We have had our attention called to no other authority or provision of law applicable to the point at issue.

The *Gevaert* case was first heard by Judge McClelland in 1933, the imported goods being photographic film. The only proof as to cost of production was an affidavit giving the cost of production of each item at a gross sum, no itemization as required by section 402 of the Tariff Act of 1930 being made. This proof was held to be insufficient to prove cost of production.

In Reap. Dec. 3128, this judgment came before the Third Division of the Customs Court, and the judgment was affirmed. There seems to be nothing in these cases which forms any basis for the holding that under the Tariff Act of 1922, the items of cost provided for in said subsection (1) must be shown in detail in order to constitute proof of cost of production.

As a matter of fact, it seems to us to be plainly indicated by the said section and its arrangement, that the Congress intended the cost of production to be shown and to be itemized, the items to consist of the four elements which are separately enumerated in said section 402 (e). If further itemization had been required, we have no doubt the Congress, in drafting the act, would have so provided. The fact that the Congress did not do so plainly evinces that no further itemization was required.

The appellate division determined this matter solely upon the theory that the statute requires the breaking down, or further itemi-

zation, of the information covered by said sub-paragraph (1). It did not consider the evidence offered on cost of production. This was, in our opinion, error. The evidence should have been considered. What it did, or did not, disclose, and the weight to be given to it, are matters committed to the jurisdiction of the court below, and are not within the jurisdiction of this court.

It is the opinion of the court, therefore, that the judgment in this case must be, and it is, *reversed*, and the cause is *remanded* to the appellate division, with instructions to make findings as to costs of production, if any such cost is found to be shown by the record, in conformity with the views expressed herein. As to the proof of United States value, this court agrees with its finding that no United States value has been proven.

BLAND, Judge, concurs in the conclusion.